UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBOU LAYE GUEYE,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-2604

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Cleveland Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing. (Pet., ECF No. 1, PageID.7.)

In an order entered on September 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of Petitioner's February 24, 2026, bond hearing on September 23, 2026. (Resp., ECF No. 6;

Recording of Feb. 24, 2026, Bond Hearing, filed on Sep. 23, 2026.) Petitioner filed a reply on October 13, 2026. (Reply, ECF No. 10.)[1]

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. Op., *Gueye v. Mullin* (*Gueye I*), No. 1:26-cv-1631 (W.D. Mich. Jun. 11, 2026) (ECF No. 10.) In August 2025, Petitioner was arrested by ICE agents. *Id.*

On February 24, 2026, Petitioner received a bond hearing in the Detroit Immigration Court pursuant to § 1226(a). Order Immigration Judge, *Gueye I*, (W.D. Mich. Jun. 4, 2026) (ECF No. 7-3). At the conclusion of the bond hearing, in a written order, the Immigration Judge denied bond, stating: “flight risk.” *Id.*

On May 18, 2025, Petitioner filed his first petition for habeas relief in *Gueye I*. In *Gueye I*, the Court denied Petitioner’s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice because there was no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Op. & Jud., *Gueye I*, (W.D. Mich. Jun. 11, 2026) (ECF Nos. 10, 11).

## III. Discussion

In Petitioner’s § 2241 petition, Petitioner claims that his detention does not comply with due process and again argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner’s § 1226(a) bond hearing on February 24, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate

[1] On October 2, 2026, Petitioner filed a “notice of late response,” (ECF No. 8), which the Court will construe as a motion for an extension of time. For the reasons set forth in the motion, the Court grants Petitioner’s motion (ECF No. 8), and accepts Petitioner’s reply as timely filed.

dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

As the Court previously explained in *Gueye I*, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will again deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 15, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge